**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANIEL CHICA GUTIERREZ, <br><br>　　　　Petitioner, <br><br>　　v. <br><br><br>WARDEN TRATE, <br><br>　　　　Respondent. | Case No.: 1:23-cv-01678-SKO (HC) <br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE <br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS <br><br>[21-DAY OBJECTION DEADLINE] |

　　Petitioner is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  He is in the custody of the Bureau of Prisons at the United States Penitentiary in Atwater, California.  He filed the instant federal petition on December 4, 2023, challenging his conviction and sentence pursuant to 28 U.S.C. § 2241. (Doc. 1.) For reasons that follow, the Court finds that it lacks jurisdiction to consider his claims and will recommend the petition be DISMISSED.

**I.　　PRELIMINARY REVIEW**

　　Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  The provisions of Rule 4, which are applicable to § 2241 petitions under Rule 1(b), provide in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the

1

judge must dismiss the petition and direct the clerk to notify the petitioner." The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.

## II. BACKGROUND

On January 17, 2020, Petitioner was sentenced in the United States District Court for the Northern District of Texas after pleading guilty to illegal reentry after removal in violation of 8 U.S.C. § 1326. (Doc. 1 at 2.) Petitioner now brings this habeas petition challenging his conviction and sentence. He claims counsel was ineffective during sentencing in failing to preserve as a ground for error that the offense level should have been lowered by eight levels in connection with the charge of bail-jumping. (Doc. 1 at 6-10.)

## III. DISCUSSION

A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Jones v. Hendrix, 599 U.S. ___, ___, S.Ct. ___, 2023 WL 4110233, at *3 (2023); Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); see also Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir.2006), *cert. denied*, 549 U.S. 1313 (2007). In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163; Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000). Generally, a prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Jones, 2023 WL 4110233, at *3; Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the district where the petitioner is in custody. Stephens, 464 F.3d at 897; Hernandez, 204 F.3d at 865. "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens, 464 F.3d at 897 (citations omitted).

An exception exists by which a federal prisoner may seek relief under § 2241, referred to as the "savings clause" or "escape hatch" of § 2255. Jones, 2023 WL 4110233, at *4; Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008); Hernandez, 204 F.3d at 864-65. "[T]he saving clause preserves recourse to § 2241 in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence." Jones, 2023 WL 4110233, at *8. "[I]f - and only if – § 2255's remedy by motion is 'inadequate or ineffective to test the legality of his detention'" may a prisoner proceed under § 2241. Jones, 2023 WL 4110233, at *4 (quoting 28 U.S.C. § 2255(e)); Marrero v. Ives, 682 F.3d 1190, 1192 (9th Cir. 2012). The Ninth Circuit has held that Section 2255 provides an 'inadequate and ineffective' remedy (and thus that the petitioner may proceed under Section 2241) when the petitioner: (1) makes a claim of actual innocence; and (2) has never had an 'unobstructed procedural shot' at presenting the claim. Stephens, 464 F.3d at 898. The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir.1963).

Here, Petitioner is challenging the validity and constitutionality of his conviction and sentence as imposed by the United States District Court for the Northern District of Texas, rather than an error in the administration of his sentence. Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 in the Northern District of Texas, not a habeas petition pursuant to § 2241 in this Court. Petitioner makes no argument that he has been denied an unobstructed procedural opportunity to present the claim. It is unknown whether Petitioner has ever sought further relief in the Northern District of Texas, and he does not present a claim of actual innocence. See Bousley v. United States, 523 U.S. 614, 623 (1998) ("To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him."). Here, Petitioner takes issue with the sentence itself and whether the sentencing court properly sentenced him. Therefore, the Court finds it lacks jurisdiction under § 2241.

**IV.   TRANSFER**

Because Petitioner does not qualify for either prong of the § 2255 savings clause, and this action should be heard if at all in the sentencing court, this Court may consider transferring this action to the sentencing court if appropriate. See 28 U.S.C. § 1631 (Court may transfer this action in the

interests of justice "to any other such court in which the action or appeal could have been brought at the time it was filed or noticed"). Normally, transfer will be in the interest of justice because dismissal of an action that could have been brought elsewhere is "time-consuming and justice-defeating." Miller v. Hambrick, 905 F.2d 259, 262 (9th Cir. 1990) (citations omitted).

It is unclear whether Petitioner has already sought relief by way of a motion pursuant to § 2255 in the sentencing court. Since he is limited to one opportunity to seek § 2255 relief, and it is unknown whether Petitioner seeks to use his one opportunity with the claims presented herein, the Court will recommend dismissal of the petition rather than transfer. Petitioner is advised that he may present his claims to the sentencing court by way of § 2255, but the Court expresses no opinion on the merits of such filing.

**V.    ORDER**

IT IS HEREBY ORDERED that the Clerk of the Court is DIRECTED to assign a United States District Judge to this case.

**VI.   RECOMMENDATION**

For the foregoing reasons, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DISMISSED for lack of jurisdiction.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one (21) days after being served with a copy of this Findings and Recommendation, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **December 6, 2023**            /s/ *Sheila K. Oberto*

UNITED STATES MAGISTRATE JUDGE